UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0545 FMO (KSx) | Date | April 8, 2019 |
|---|---|---|---|
| Title | Andrew Stroud v. Scuba Mania, Inc. d/b/a Beach Cities Scuba, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Motion to Remand

Having reviewed and considered the record and all the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 13, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

On January 23, 2019, defendants Scuba Mania, Inc. d/b/a/ Beach Cities Scuba, James Grundy, John Moss, Riviera Charter LLC, and M. V. Riviera ("M.V. Riviera" or "M/V Riviera") (collectively, "defendants"), removed this action[1] based on plaintiff's filing of a Second Amended Complaint, which for the first time named the M/V Riviera as an "in rem" defendant. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 2; Dkt. 1-1, SAC at ¶ 11). Plaintiff now seeks remand of the action. (See Dkt. 13, Motion).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).[2] District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[1] Because the parties are familiar with the facts, the court will repeat them below only as necessary

[2] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0545 FMO (KSx) | Date | April 8, 2019 |
|---|---|---|---|
| Title | Andrew Stroud v. Scuba Mania, Inc. d/b/a Beach Cities Scuba, et al. | | |

Although federal question jurisdiction "[m]ost directly . . . arises under federal law when federal law creates the cause of action asserted[,]" Gunn v. Minton, 568 U.S. 251, 257, 133 S.Ct. 1059, 1064 (2013), there is "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction" in which "federal-question jurisdiction will lie over state-law claims[.]" Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S.Ct. 2363, 2366-67 (2005); see Gunn, 568 U.S. at 258, 133 S.Ct. at 1064 ("[E]ven where a claim finds its origins in state rather than federal law . . . a special and small category of cases [exist] in which arising under jurisdiction still lies.") (internal quotation marks omitted). In such cases, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 568 U.S. at 258, 133 S.Ct. at 1065.

For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health & Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000). The Ninth Circuit has clarified that the Grable test does not dispense with the well-pleaded complaint rule. See Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011). As such, under the settled principles of the well-pleaded complaint rule, the existence of a federal defense is not enough to justify removal to federal court. See Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis in original).

Finally, a removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, the removal statute is strictly construed against removal, Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009), and if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0545 FMO (KSx) | Date | April 8, 2019 |
|---|---|---|---|
| Title | Andrew Stroud v. Scuba Mania, Inc. d/b/a Beach Cities Scuba, et al. | | |

omitted).

Although the SAC names the M/V Riviera as an "in rem" defendant and the "M/V Riviera, her machinery, equipment, engines and appurtenances are now, and during the pendency of process hereunder will be, within the jurisdiction of [the court[,]" (Dkt. 1-1, SAC at ¶ 11), plaintiff states that such allegations were "a mistake on Plaintiff's part as Plaintiff does not intend to prosecute the action against the vessel any way." (Dkt. 13, Motion at 6). Plaintiff adds that he made no effort to arrest the vessel, (id.), and intends to dismiss the vessel from this action. (Id.). However, as it stands now, plaintiff has not dismissed the M/V Riviera from this action, and the allegation remains that the M/V Riviera is within the court's jurisdiction. (See, generally, Dkt.). Because the in rem allegations remain, the court has subject matter jurisdiction over the action. See, e.g., Am. Dredging Co. v. Miller, 510 U.S. 443, 446–47, 114 S.Ct. 981, 985 (1994) ("An in rem suit against a vessel is . . . distinctively an admiralty proceeding, and is hence within the exclusive province of the federal courts.").

Accordingly, IT IS ORDERED THAT plaintiff's Motion **(Document No. 13)** is **denied without prejudice**.[3]

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[3] Plaintiff may renew his motion if and when he dismisses the M/V Riviera from the action.